In the Matter of the Application of AMY E. SCHEIDECKER, Petitioner, for an Order of Certiorari against THE DEPARTMENT OF STATE OF THE STATE OF NEW YORK and Another, Respondents. MCATEER REALTY CO., INC., and Others, Intervenors.

Third Department, July 6, 1934.

*Erwin R. Lillard,* for the petitioner.

*John J. Bennett, Jr., Attorney-General [Henry Epstein, Solicitor-General,* and *F. R. Chant, Assistant Attorney-General,* of counsel], for the respondents.

*Maloney & Doyle [John C. Doyle* of counsel], for the intervenors.

McNAMEE, J.   The petitioner here, who was the complainant in the proceeding before the Department of State, Amy E. Scheidecker, employed the intervening realty company to act as her agent in the exchange of her house for a different one, and paid a commission.   Under the direction of the intervenors the petitioner made a contract to convey her property to the Arthomes Realty Corporation, and pay $2,500 in addition, and to receive in exchange a property owned by that corporation.   The deeds were drawn and delivered, and the money paid. · But as the result of an undisclosed understanding between the intervenors and the Arthomes Realty Corporation, petitioner's house was never conveyed to the latter,

but was conveyed to a " dummy " of the intervenors. Later this house was sold, and the proceeds were received by some or all of the intervenors. The intervenors also received from the complainant $100 with which to make a payment for an option to purchase a third property; and of this sum they paid only $50 for the option, and retained the balance.

The petitioner, as complainant, then filed with the Department of State her verified complaint in which she charged the intervenors with fraud. And after a hearing and the taking of much testimony, the State Department found and determined on July 31, 1933, that the intervenors were " guilty of fraudulent practices, and have demonstrated untrustworthiness to act as real estate brokers " and as real estate salesmen, and thereupon revoked their licenses to act as such.

Subsequent to the hearing, and on June 3, 1933, Amy E. Scheidecker brought an action against the intervenors and others, to recover the commissions and the cash paid upon the exchange of the properties, and for other relief, in which action the intervenors had interposed no answer up to August 30, 1933.

Without notice to the complainant, the Department on August 31, 1933, made another determination, and thereby rescinded its former final action revoking the licenses of the intervenors, on the ground that it was not known to the chief of the division of licenses on July 31, 1933, that there was litigation pending which involved the alleged conduct of the intervenors, although the hearing deputy knew that such litigation was contemplated, and informed complainant's attorney that such litigation would not " prejudice him in any way " before the Department. The record also indicates that it was the " policy " of the division of licenses not to pass on complaints if litigation involving the acts in question were pending. And when the Department rescinded the revocation of the licenses in question, it granted new licenses to the same persons.

On the hearing before the Department the affidavit of the complainant was made the complaint in the proceeding; and she appeared on the record by her attorney, as did the intervenors here. When the determination to revoke the licenses was made, a copy thereof was served upon the complainant, as was a copy of the rescission of that determination; but she was given no notice of any proceeding for the rescission. No steps were taken to review the determination of revocation, and the time to do so has long since passed.

The Department of State has power to revoke the license of a real estate broker or salesman, if " guilty of fraud or fraudulent practices," or because of " demonstrated untrustworthiness " to act

as a broker or salesman. Such revocation must be " in writing and officially signed " and filed in the Department, and copies thereof must be mailed to " the broker or salesman * * *, and to the complainant." (Real Prop. Law, § 441-c.) Section 441-e of that statute provides for a hearing on notice. And section 441-f provides that " The action of the department of state in * * * revoking or suspending or refusing to revoke or suspend such a license shall be subject to review by writ of certiorari at the instance of the applicant for such license, the holder of a license so revoked or suspended, or the person aggrieved." Section 442-e of that statute provided that an agent who violates any provision of the article shall be liable to a penalty based on the sums received as commission, compensation or profit, and that the " penalty may be sued for and recovered by any person aggrieved and for his use and benefit." And section 442-j of that statute makes it the duty of the Department of State to enforce the provisions of that article.

It is within the jurisdiction of the Department of State, and it is its duty, to hear and try complaints made under article 12-A of the Real Property Law, and such jurisdiction and duty are independent of that of any other officer or court; and there is no warrant for making a determination of the Department dependent upon the judgment of any other tribunal. It is clear from the record, and the contrary is not asserted, that the State Department acted clearly within its jurisdiction, and reached a justifiable conclusion when the licenses were revoked.

The first question to be determined here is that of the power of the Department to rescind or vacate a final determination once duly made, when no mistake, fraud nor legal error is alleged. As we have already indicated, a " policy " adopted by the Department not to make a determination while litigation is pending otherwise, and thus make that litigation or its result a basis of action or delay, is not contemplated by the statute. The rule is that officers of special and limited jurisdiction have only the powers conferred by statute, and must proceed in accordance with the statute; and, further, they may not sit in review of their own orders, nor vacate nor annul them. And with the exception that a board of supervisors may reaudit a claim, this rule is of general application. (*People ex rel. Chase* v. *Wemple*, 144 N. Y. 478, 482; *Conley* v. *Upson Co.*, 197 App. Div. 815, 819.) It has been held that the Superintendent of Insurance has implied power to " reopen " a proceeding, and grant a rehearing, when a mistake had been made and new facts justified that procedure. (*People ex rel. N. Y. Fire Ins. Exchange* v. *Phillips*, 203 App. Div. 13, 16, 20.) But in the case before us there was no basis whatever for reopening the case, and certainly none

for rescission of the prior determination. Even the intervenors themselves accepted the determination, and failed to resort to the remedy which the statute provided for review by certiorari. The rescission by the Department of State was not authorized by the statute, was not based upon fraud, mistake nor illegality, and was clearly beyond its powers.

It was suggested that the Department in addition to rescinding its former action as it did, directed that the proceeding be held in *statu quo* pending a determination of the action in the Supreme Court; and that, therefore, the rescission was not a final order to be reviewed by certiorari. The requirement that the order be final may not be urged against a review by certiorari of the action of a tribunal which is exercising a function beyond its powers. (Civ. Prac. Act, §§ 1286, 1304.)

It is further contended by the licensees that petitioner is not a party aggrieved because she has no pecuniary or personal interest in the proceeding, and, therefore, may not review by certiorari. It is our view that the purpose of this statute was to permit any victim of the fraudulent practices of a licensee to call him to account before the State Department, and to have his conduct investigated; and further, to regard such victim as a party to the proceeding. That was clearly the position of the hearing deputy. The proceeding was given a title which made the petitioner the moving party; and her affidavit was placed on the record " as the complaint in this action." She was given notice of the proceedings, and a copy of the determination must be served upon her. She appeared upon the record as a party, and by counsel, and produced her proof, examined and cross-examined the witnesses. Section 442-e, above mentioned, imposes a penalty upon an " offender " and gives the penalty and the right to sue therefor to " any person aggrieved." The respondents liken the position of the petitioner to that of a complainant in a criminal action, without the right of appeal. But in such case the People are the plaintiffs, and the accused is the defendant. Here there was no party before the tribunal except the culprit, if the petitioner was not one. The analogy of a proceeding before the Industrial Board is much closer. The Industrial Board has the duty to enforce the Workmen's Compensation Law, but it does so for the benefit of the claimant. It will not do to say that the person who has been defrauded by a real estate agent, and to whom a penalty against that agent is given by the statute, and who is authorized to call that agent to answer before the State Department for his misconduct, and who is entitled to notice of the proceedings and judgment of the tribunal, is not a party. There would be little reason in authorizing him to initiate the proceeding,

in giving him notice, and of serving the final determination upon him, if he might not review the error or unwarranted action of the body to whom he submitted a cause.

The action of the State Department of August 31, 1933, rescinding its determination of July 31, 1933, should be annulled, with costs.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

The action of the State Department of August 31, 1933, rescinding its determination of July 31, 1933, annulled, with fifty dollars costs and disbursements.