THE HAMILTON LUMBER AND MANUFACTURING COMPANY, A CORPORATION OF NEW JERSEY, PROSECUTOR, v. CITY OF PATERSON, BOARD OF PUBLIC WORKS OF THE CITY OF PATERSON, WRIGHT AERONAUTICAL CORPORATION, A CORPORATION, AND ERIE RAILROAD COMPANY, A CORPORATION, DEFENDANTS.

Submitted May 3, 1938—Decided September 8, 1938.

Before Justices CASE, DONGES and PORTER.

For the prosecutor, *Beggs & Grimshaw* (*Frederic Beggs*).

For Wright Aeronautical Corporation, *Ferdinand A. Delapenha* and *Robert Carey, Jr.*

For the city of Paterson and board of public works of the city of Paterson, *Salvatore D. Viviano.*

The opinion of the court was delivered by

CASE, J. Prosecutor challenges the legality of an ordinance passed by the Board of Public Works of the City of Paterson granting permission to the Wright Aeronautical Corporation and the Erie Railroad Company to lay, maintain and operate a railroad siding, for a period of thirty years and under regulation by the city authorities, longitudinally on and along Oregon avenue, from the lands of the railroad company to the lands of the Wright Aeronautical Corporation. The siding is to be used by or on behalf of the Wright Company to move freight shipments between its plant and the railroad main line without breaking bulk. Oregon avenue measures thirty feet from curb to curb; it is an unimproved dirt street one block long, located in the heavy industrial zone of the city. Prosecutor owns two tracts of land fronting thereon. It once used one of the tracts for the sale of lumber at retail. That business was terminated by fire in 1930. The other tract was the site of a wholesale millwork enterprise until 1936 when fire destroyed the building. The grounds now present a ruinous appearance. We think that the city was without authority to grant permission for the use of the highway, longitudinally, for the laying, maintaining and operating of railroad tracks to be applied to private use. But the street is subjected to little use, and we do not perceive how the prosecutor will be damaged in either manner or degree other than the remaining landowners along the highway.

The rule as generally applied in our cases is that an individual may not, by writ of *certiorari,* question such a usurpation of authority by a municipal corporation unless he sustains some special injury. *Altschul* v. *Mayor, &c., of Jersey City,* 8 *N. J. Mis. R.* 708; *Montgomery* v. *Trenton,* 36 *N. J. L.* 79, 85; *Tallon* v. *Hoboken,* 60 *Id.* 212 (at *p.* 218). We find no reason for departing from that rule.

The writ will therefore be dismissed, with costs.