PATRICIA ELEANOR FLUHR, petitioner-respondent,

*v.*

JULIUS CLEVELAND FLUHR, JR., defendant-appellant.

[Submitted February term, 1947.   Decided May 15th, 1947.]

*Messrs. Collins & Corbin (Mr. Edward A. Markley,* of counsel), for the petitioner-respondent.

*Mr. Louis A. Mounier, Jr.,* for the defendant-appellant.

The opinion of the court was delivered by

EASTWOOD, J.

This is an appeal from an interlocutory order of the Court of Chancery advised in an action for divorce instituted by petitioner-respondent on the grounds of desertion and for relief, *pendente lite,* for her support and that of the infant child of the marriage between her and defendant-appellant.

The defendant husband is an officer in the United States Army Air Forces, presently stationed in Germany. The testimony discloses that the petitioner-respondent and defendant-appellant were married in 1940 and that the husband entered the military service in January, 1943, since which latter date and up until the month of August, 1946, he was stationed in the continental United States. From the evidence submitted on behalf of the wife, and not seriously denied by her husband, it is clear that Lieutenant Fluhr, the defendant-appellant, has chosen the Army as a career and that he intends to remain in the military service of the United States indefi-. nitely. Considerable differences arose between Mrs. Fluhr and her husband concerning their marital difficulties, particularly with regard to the question of support by the husband of his wife and their minor child. The wife is presently receiving from her husband the sum of $96 each month for such support. Additionally, it appears that the wife is the beneficiary under a trust fund from which she receives income approximating $1,200 to $1,400 per annum. The defendant husband, from the time of the filing of petition for divorce on February 27th, 1945, has been actively and ably represented by counsel. An answer was duly filed by him and an order of reference made. Thereafter, on April 26th, 1946, while the husband was still in the continental United States, application was made by the wife's solicitor for an order designating a date for hearing. The application was opposed by the husband's solicitor on the ground that his client was in the military service and that "* * * his defense of this case is very materially prejudiced and impaired by his absence on military service * * *." Other than the presentation of an affidavit, defendant's solicitor made no statement as to

what time his client would need to prepare and present his case. The application was continued until May 10th, 1946, at which time defendant's counsel presented no affidavit and gave no information with respect to his client, his status or his plans. The advisory master then designated June 26th, 1946, as the date of hearing and stated to counsel that upon positive showing of defendant's situation, plans, probability of separation from the service or obtaining a leave, consideration would be given to any application that defendant might make for a change of date of hearing which would fit into his situation. On June 17th, 1946, following considerable negotiations between counsel and the advisory master, it was arranged that the testimony of the petitioner and defendant would be taken on the following day; and on that day, June 18th, 1946, the testimony of the petitioner and defendant was taken. The hearing consumed approximately five hours. The defendant, at that time, was on a leave and had spent the eight days preceding June 18th, 1946, at the home of his mother in this state. A full hearing on petitioner's case was held on June 26th, 1946, and continued to September 16th, 1946. Following the hearing on June 26th, 1946, further negotiations between counsel ensued, and on October 7th, 1946, a request was made for a decision of the *pendente lite* application, and further affidavits submitted by both parties in connection therewith. On October 11th, 1946, the order of designation appealed from was made, continuing the final hearing in the cause to December 9th, 1946. The application for *pendente lite* relief was held until final hearing.

It will be noted that the challenged order fixed a date for final hearing on December 9th, 1946, which was approximately sixteen months after the cessation of active hostilities. From the affidavits submitted on behalf of the defendant husband, it appears that as of August 4th, 1946, he was stationed with the Army in Southern Germany on temporary assignment and that his permanent assignment was then indefinite and unknown.

In so far as we are able to perceive, the gist of defendant-appellant's defense and upon which he bases his challenge to

the order of designation in question, is to the effect that he is in the military service, and under the Soldiers' and Sailors' Civil Relief Act, nothing can be done under the circumstances, and that the wife's case will therefore have to be postponed. We desire to say at the outset that we have grave doubt as to whether under the doctrine expressed in *Coryell* v. *Holcombe, 9 N. J. Eq. 650,* denying the right of appeal in matters of practice, merely, or of discretion, the order of designation in question is appealable. The doctrine expressed in *Coryell* v. *Holcombe,* has been adopted as a rule of decision in *Doland* v. *Cahill, 69 N. J. Eq. 802; 64 Atl. Rep. 1091,* and *Adams* v. *Adams, 80 N. J. Eq. 175; 83 Atl. Rep. 190.* Certainly, there can be no appeal from an order by which the party is not aggrieved, if there is no injury to redress, since the object of the appeal cannot be attained. However, we prefer to rest our decision on broader grounds, namely, whether or not the defendant has brought himself within the protective ambit of the Soldiers' and Sailors' Civil Relief Act of 1940, *chapter 888, section 201, 54 Stat. 1181; 50 U. S. C. A., App.,* § *521.* The statute provides as follows:

"At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending. on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service."

The act in question is to be liberally construed to accomplish substantial justice for the protection of the interests of persons in military service, but it is not to be employed to enable such person, who disregards and flouts his civil obligations, to obtain indefinite delay. *Franklin Society for Home-Building and Savings* v. *Flavin, 40 N. Y. S. (2d) 582; 265 App. Div. 720;* affirmed, *50 N. E. Rep. (2d) 653; 291 N. Y. 530; certiorari* denied, *64 S. Ct. 158; 320 U. S. 786..* The act does not pose an absolute bar to proceedings

against one in military service, and it is within the discretion of the court as to whether such proceedings should be postponed. *Swiderski* v. *Moodenbaugh, 44 Fed. Supp. 687.* The trial court may properly refuse to stay proceedings, if in its discretion, the circumstances justify the refusal. *Hellberg* v. *Warner, 319 Ill. App. 117; 48 N. E. Rep. (2d) 972.* Judicial discretion is vested in the trial court regarding the stay of proceedings and does not impose a rigid and undiscriminating suspension of civil proceedings. *Boone* v. *Lightner, 319 U. S. 561; 63 S. Ct. 1223; 87 L. Ed. 1587;* rehearing denied, *320 U. S. 809; 64 S. Ct. 26.* It is clear that the defendant husband, on his own volition, chose the Army as a career at a time when he could have left the service, and that there were ample opportunities during the period when he was stationed in the continental United States at which he could have attended a hearing, since he was in this country until August, 1946. As a matter of fact, he retained able counsel to prosecute his defense. They have been industrious and for aught that appears have overlooked at no stage of the proceedings any action which might contribute to the defendant's advantage. Additionally, the defendant was in this state at least eight days prior to the hearing of June 18th, 1946, and it is difficult to reason that, if he so desired, he was not then able to properly prepare his case. Assuming, *arguendo,* that defendant did not have ample opportunity to appear personally in his defense at the time that the order of designation of October 11th, 1946, was made, we nevertheless remain unimpressed with this contention. Had such a situation prevailed, the defendant might nevertheless have availed himself of the usual remedies available in Chancery proceedings, by taking of depositions or interrogatories *de bene esse.* Nor is it inconceivable that the defendant could, under the circumstances, obtain from his superiors a furlough or leave of sufficient duration, to enable him to appear personally. As we view it, the actions of the defendant have been patently dilatory for the purpose of postponing final hearing and the taking of testimony. In this respect it is interesting to note the following language appearing in a

letter from the husband's solicitor to the wife's former solicitor, Mr. Victor A. Hart, under date of September 15th, 1945, nearly eleven months prior to the husband's departure from the continental United States:

> "Since our last exchange of correspondence in this cause, we have had an opportunity of conferring several times at length personally with our client. As a result of the direct consultations thus afforded since the commencement of the suit last March, we have a far better understanding of Lt. Fluhr's side of the case than we ever had before."

It thus appears that counsel for the husband was in possession of sufficient facts regarding the case as to enable the husband properly to defend his case, if any defenses thereto he had. It seems to us that the husband was able to arrange his affairs with reference to the progress of the case as long as things were proceeding favorably to him, but when the winds of fate took an adverse turn he then begins to procrastinate and delay and seizes upon every opportunity to postpone indefinitely any final determination on the merits. We do not think that the Soldiers' and Sailors' Civil Relief Act was intended as a cloak behind which a defendant in the military service can effectually and indefinitely flout the obligations of civilian life. *Boone* v. *Lightner, supra.* We conclude that the learned advisory master, in making the order of designation appealed from, did not abuse the sound discretion reposing in the trial court. His act was certainly not such as will be construed such an abuse of discretion as to shock reason and justice. See *Nelson* v. *Eastern Air Lines, Inc., 128 N. J. Law 46; 24 All. Rep. (2d) 371,* opinion by Chief-Justice Case. We conclude that the order appealed from was entirely proper.

The order below is affirmed, and the cause remitted for further proceedings therein in conformity with this opinion.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, BODINE, DONGES, COLIE, EASTWOOD, WELLS, DILL, FREUND, McLEAN, JJ. 10.

*For reversal*—HEHER, WACHENFELD, RAFFERTY, JJ. 3.