81 N.J. Super. 132 (1963)
195 A.2d 29
IN THE MATTER OF JOHN D. LAZARUS.
KATHERINE ACKERSON, APPELLANT,
v.
JOHN D. LAZARUS, AND THE STATE OF NEW JERSEY, DIVISION OF THE REAL ESTATE COMMISSION, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 7, 1963.
Decided November 7, 1963.
*134 Before Judges CONFORD, FREUND and SULLIVAN.
Mr. Ralph S. Heuser argued the cause for appellant (Messrs. Heuser, Heuser & DeMaio, attorneys).
Mr. Walter Goldberg argued the cause for respondent (Mr. Philip R. Carlin, on the brief).
The opinion of the court was delivered by FREUND, J.A.D.
Appellant Katherine Ackerson filed a verified complaint with the New Jersey Real Estate Commission (Commission) under N.J.S.A. 45:15-17(e), charging respondent John Lazarus with "conduct which constitutes unworthiness, incompetency, bad faith and dishonesty and which constitutes fraud and dishonest dealing when he gave false testimony" in a prior condemnation proceeding involving property owned by appellant, in which respondent testified on behalf of the State as an expert on the valuation of property.
On the basis of this complaint the Commission held a hearing. Respondent's motion to dismiss at the end of complainant's proofs was granted, and an appeal to this court followed. Respondent then moved to dismiss this appeal on the ground that the complainant had no standing to appeal the Commission's determination, but decision on the motion was reserved for the hearing of the appeal on the merits. Both parties have included arguments concerning this point in their briefs.
The preliminary issue which we must decide, therefore, is whether one who files a complaint with the Commission concerning the activities of a licensed broker has standing, either statutory or under common law principles, to appeal the Commission's determination after it investigates the matter. The determinative statutory provision in this area is N.J.S.A. 45:15-18, which provides that before suspending or revoking a real estate broker's license the Commission shall notify the licensee of any charges made and afford him the opportunity to be heard. The last sentence of this section reads as follows:
*135 "Any final decision or determination of the commission shall be reviewable by the Superior Court by a proceeding in lieu of prerogative writ."
This last sentence became effective March 19, 1953, replacing the final sentence of R.S. 45:15-18. The superseded sentence read in part as follows:
"* * * the supreme court shall have power to review all questions of law involved in any final decision or determination of the commission, if application is made to the supreme court by the aggrieved party within thirty days after such determination, which application shall be made by petition to any justice of said court, and he shall have power to dispose of the matter in a summary manner."
The reference to "supreme court" is to the former Supreme Court under the Constitution of 1844. See source statute, L. 1921, c. 141, § 14, p. 376.
In Tomei v. Annetta, 11 N.J. Super. 456 (App. Div. 1951), a complainant appealed the Commission's dismissal of his charges against a broker. Tomei was decided under the earlier statute as quoted immediately above. The Appellate Division affirmed the Commission's decision and dismissed the appeal. In the course of his opinion Judge Jayne made the following preliminary observation:
"Since the appeal has reached us for determination without any preliminary motion to dismiss it, we shall in the circumstances bypass, without comment, the status of the appellant as an `aggrieved party' within the import of the statute." (11 N.J. Super., at p. 460)
The implication is clear that the court considered it doubtful that the complainant in Tomei was "aggrieved" under the statute. Appellant contends, however, that the observation in Tomei is inapplicable to the present situation because the statute no longer mentions "aggrieved party." She argues that the final sentence of the statute, as amended, indicates an intent on the part of the Legislature to remove the requirement that a person be an "aggrieved party" in order to appeal.
We agree with respondent's contention, however, that the change in the statute was intended merely to simplify the *136 appeal procedure and to make it conform with the in lieu proceedings introduced by rule of court in 1948. Absent a clear indication to the contrary, we will not impute to the Legislature an intent in a revisionary statute to enlarge the category of authorized appellants by doing away with the prior legislative requirement  one of general application in relation to appellants  that a person be aggrieved in order to have standing to appeal a decision of the Real Estate Commission. Moreover, the amended sentence itself refers directly to "a proceeding in lieu of prerogative writ," the procedure now encompassed under R.R. 4:88. The promulgation of that rule did not obviate the general conditions of standing theretofore required by our courts. See Elizabeth Federal S. & L. Ass'n v. Howell, 24 N.J. 488, 499 (1957). Prior to the adoption of R.R. 4:88, determinations of state administrative agencies were reviewable by certiorari. In such cases it was a general rule that the prosecutor of the writ had to show some special interest, beyond that held by the public, that was or would be affected. Hamilton Lumber & Mfg. Co. v. Paterson, 121 N.J.L. 95, 96 (Sup. Ct. 1938); Tube Reducing Corp. v. State, 1 N.J. 177, 180 (1948). We conclude, therefore, that the conventional common law principles of standing apply to the statutory provision in question.
Under our decisions generally, one does not have a right of appeal unless a decision affects him adversely. Fluhr v. Fluhr, 140 N.J. Eq. 131, 134 (E. & A. 1947). Such an adverse judgment must affect either a personal or pecuniary interest, or a property right. Howard Savings Inst. of Newark, N.J. v. Peep, 34 N.J. 494, 499 (1961).
Appellant has not shown how she has been affected adversely and in any degree greater than the public generally by the Commission's decision that respondent should not be disciplined. Even if it were true that respondent testified falsely in the prior condemnation proceeding, and that the result of that perjurious testimony caused a smaller sum than was proper to be paid to appellant, the investigation by the Commission was not intended for the purpose of remedying *137 that grievance. It is not the function of the Commission to adjudicate rights and duties of complainants vis-a-vis brokers. Maple Hill Farms, Inc. v. Division New Jersey Real Estate Comm., 67 N.J. Super. 223, 233 (App. Div. 1961); Tomei v. Annetta, supra, 11 N.J. Super., at p. 461. Thus, the function of the complainant in matters such as these is merely to bring to the attention of the Commission acts on the part of brokers which may indicate that a broker's continuing activities may harm the public interest. It is the Commission, not the complainant, who then acts as a guardian of the public interest. Indeed, all that the Commission is required to do under N.J.S.A. 45:15-17, which provides for the filing by anyone of a complaint against a broker, is to investigate the complaint; the holding of a formal hearing is not mandatory. Tomei v. Annetta, supra, 11 N.J. Super., at p. 461.
It was held in the New York case of Scheidecker v. Department of State, 242 App. Div. 119, 272 N.Y.S. 737 (App. Div. 1934), that a victim of fraud on the part of brokers had standing to appeal the department's decision to reissue to those brokers the licenses which had previously been revoked on the complaint of the plaintiff. The Scheidecker case was decided, however, under § 441-f of the New York Real Property Law, McKinney's Consol. Laws, c. 50, which distinguishes between the holder of a license and a "person aggrieved," and makes distinct provision for appeal by both. Furthermore, that statute clearly granted to "the person aggrieved" the right to review the refusal to revoke or suspend a real estate license. The New York statute is so different from ours in language, purpose and intent that the holding of the Scheidecker case cannot be considered more than marginally helpful to appellant's contention.
It is to be noted that the final sentence of N.J.S.A. 45:15-18, which does not indicate to whom the right to appeal "[a]ny final decision or determination of the commission" is given, follows directly upon language mentioning only one class of persons, viz., licensees who are either salesmen or brokers, as entitled to be heard on the prosecution of *138 a charge. We conclude that N.J.S.A. 45:15-18 gives the right of appeal from a determination of the Real Estate Commission primarily to that class of persons designated therein; and that any other person who desires to take such an appeal must display some direct, personal, and not insubstantial interest in the outcome thereof. Appellant's being deprived of the satisfaction of seeing respondent disciplined cannot be considered equivalent to even the "slight private interest" which, when coupled with the public interest, may be sufficient to support an otherwise doubtful case of standing. Compare Elizabeth Federal S. & L. Ass'n v. Howell, supra, 24 N.J., at p. 499.
The appeal is dismissed.