## Means v. Means

*Anna Belle Jones*, for plaintiff.
*Roger B. Johnson*, for defendant.

ACKER, J., July 20, 1968.—This matter is before this court on a motion for a rule to show cause why the provision of the Federal Soldiers' and Sailors' Civil Relief Act of October 17, 1940, sec. 888, 50 U. S. C. A. §501, 54 Stat. 1178, should apply to prevent this

divorce action from going forward. Pursuant to section 200 of the said act, 50 U. S. C. A. §520(3), an attorney was appointed by this court to represent defendant.

At the time of the hearing, the complaint in divorce had not been served, but the sheriff had reported that, after a diligent search, defendant was not found.

Interrogatories were directed through this court to the head of the United States Navy Civil Process Branch Litigation and Claims Division, Office of the Judge Advocate General of the Navy, to be answered by the Director Enlisted Service and Record Division, Bureau of Navy Personnel. The second interrogatory requests the present military status of David Wayne Means, defendant. It was answered, "Deserter". It further discloses that defendant was so declared on November 16, 1966, by the Naval Administrative Command, United States Naval Training Center, Great Lakes, Ill. Further, that the Navy has no knowledge of the whereabouts of defendant and that defendant's current period of unauthorized absence began on October 18, 1966, from Great Lakes, Ill. Defendant has not reported to the Navy at any place for duty since October 18, 1966. The Federal Bureau of Investigation has been requested to apprehend defendant and defendant has a series of absences without permission in the years of 1965 and 1966.

Plaintiff, Barbara J. Means, testified that she had not seen her husband, the defendant, for a period of several years. She produced a series of letters giving her notification from the Navy that her husband was A. W. O. L. and requesting that he report to the nearest Naval station.

The court appointed counsel for defendant raises the defense to further proceeding in this divorce action that because defendant is a "person in military

service", he has the benefits of the above-mentioned Civil Relief Act.

No cases have been found directly in point. The language of the statute, however, is of some help. By section 100, 50 U. S. C. A. §510, the purpose of the statute is set forth:

"In order to provide for, strengthen, and expedite the national defense under the emergent conditions which are threatening the peace and security of the United States and to enable the United States the more successfully to fulfill the requirements of the national defense, provision is made to suspend enforcement of civil liabilities, in certain cases, of persons in military service of the United States *in order to enable such persons to devote their entire energy* to the defense needs of the Nation. . . ." (Italics supplied.)

By section 101, 50 U. S. C. A. §511(1):

"The terms 'active service' or 'active duty' shall include the period during which a person in military service is absent from duty on account of sickness, wounds, leave, or other *lawful* cause." (Italics supplied.)

It is recognized that this statute is not designed to give unlimited protection in all instances regardless of the conduct of defendant.

The purpose of this section authorizing a stay of proceedings where a person in the military service is present unless that person's ability to prosecute an action or conduct a defense is not materially affected by reason of his military service: Mayfair Sales, Inc. v. Sams, 169 So. 2d 150, (La. App.) (1964).

Discretion is vested in courts to deny a stay of proceedings for a person in military service and while the immunity sought may be used as a shield, it is not an instrument for oppression of opposing parties: Runge v. Fleming, 181 F. Supp. 224 (1960).

It has also been held that this section erects no absolute bar to proceedings against one in military service. Whether his rights are materially affected in his ability to prosecute or defend an action by reason of being in the service rests within the sound judicial discretion of the trial court: Fourth National Bank in Wichita v. Hill, 181 Kan. 683, 314 P. 2d 312 (1957).

It has been held that where a father, who was in military service, had custody of three minor children as a result of a divorce decree and was transferred to Guam, took the children to California and left them, the court did not abuse its discretion in refusing to stay an application under this section in an action commenced by the mother for a change of custody until the father was discharged from the service or reassigned to the United States: In re Chaffey, (Cal. App.) 27 Cal. Rep. 249 (1962).

Likewise, where a husband chooses the Army as a career, when he could leave the service, had ample time to prepare the hearing, was patently dilatory in invoking this section of the statute, he may not raise it as a defense. The act is not intended to enable a person who disregards his civil obligations to obtain indefinite delay: Fluhr v. Fluhr, 140 N. J. Eq. 131, 52 A. 2d 847 (1947).

Turning to the instant case, defendant has absented himself without leave or excuse and without making his whereabouts known for a period of several years. He is regarded by the United States Navy as a deserter. A warrant is out for his arrest through the FBI. Can it be said in logic or reason that to permit his wife to proceed with her divorce action prevents him from devoting his full energy ". . . to the defense needs of the Nation",[1] or can it say that he has absented himself for any "lawful cause"? [2]

---

[1] Act of October 17, 1940, Section 100, 50 U. S. C. A. §510.

[2] Act of October 17, 1940, Section 101, 50 U. S. C. A. §511.

Although there has been no case produced by either counsel in point, nor has our independent research disclosed any, it is clear that in the instant case it is not justice and equity to permit defendant to assert the statute when he abandons the service of his country as a deserter.

## ORDER

And now, July 20, 1968, it is hereby ordered and decreed that the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U. S. C. A. §501, is not a defense to plaintiff proceeding in the action.