624 A.2d 1034

PHILIP MARQUES, APPELLANT, v. NEW JERSEY STATE
BOARD OF MEDICAL EXAMINERS, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 4, 1993—Decided May 21, 1993.

Before Judges MICHELS, BILDER and WALLACE.

*Philip Marques,* appellant, argued the cause *pro se.*

*Steven N. Flanzman,* Deputy Attorney General, argued the cause for respondent (*Robert J. Del Tufo,* Attorney General, attorney; *Mr. Flanzman,* on the letter brief).

The opinion of the court was delivered by

BILDER, J.A.D.

This is an appeal by a complainant, appellant Philip Marques, from a decision by the Board of Medical Examiners that insufficient evidence and cause exists to bring disciplinary action with respect to Marques' allegations against two doctors. In a letter of June 4, 1992 representing its final action, the Board said:

> The board has investigated this matter and has concluded that insufficient evidence and cause exists in this case to bring disciplinary action against either or both physicians. Specifically, the board did not find sufficient evidence to prove that either physician acted in a manner which would constitute grounds for any Board action. Accordingly, the Board has closed its investigation into this matter.

■ The authority of the Board to investigate complaints such as that made by appellant is entirely discretionary. *See Beck v. Bluestein,* 194 *N.J.Super.* 247, 257–258, 476 *A.*2d 842 (App.Div. 1984). "The statute [granting authority to conduct investigations] is clearly permissive, and there is no statutory or regulatory requirement which either mandates an investigation be conducted or an investigatory record be made, maintained or kept." *Id.* 194 *N.J.Super.* at 258, 476 *A.*2d 842.

■ Appellant's right to bring his complaint to the attention of the Board is clear. Indeed, the Legislature has ensured that any such action, if taken in good faith and without malice, will not result in civil liability. *See N.J.S.A.* 45:9–19.1. However, the right to bring a complaint to the attention of the Board does not carry with it a right to judicial review of the Board's response to that complaint. In fact, no such right exists. Appellant is neither a party to any proceeding before the Board nor an individual who has been affected adversely by its action (or non-action). One does not have a right of appeal unless a decision affects him adversely. *See In re Lazarus,* 81 *N.J.Super.* 132, 136, 195 *A.*2d 29 (App.Div.1963). "Such an adverse judgment must affect either a personal or pecuniary interest, or a property right." *Ibid.* As we noted in *Lazarus,* the function of the investigation was not to remedy any grievance that appellant might have with the doctors, but to investigate whether the continuing activities of the doctors (or either of them) might harm the public interest.

The appeal is dismissed.