**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3902-17T3

IN THE MATTER OF APPEAL
OF THE DECISION OF THE
FRANKLIN TOWNSHIP ETHICS
BOARD (SOMERSET COUNTY)
IN FTEB COMPLAINT #11-01.

_____

Argued February 4, 2019 – Decided February 28, 2019

Before Judges Sumners and Mitterhoff.

On appeal from the New Jersey Department of Community Affairs, Local Finance Board, Complaint #11-01.

Jeff Carter, appellant, argued the cause pro se.

Jodi S. Howlett argued the cause for respondent James Wickman (Cleary Giacobbe Alfieri Jacobs, LLC, attorneys; Bruce W. Padula and Jaclyn M. Kavendek, on the brief).

Dominic L. Giova, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Cameryn J. Hinton, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Jeff Carter appeals from a final decision of the Local Finance Board ("LFB"). He argues that the LFB's reversal of a decision of the Franklin Township Ethics Board ("FTEB") was arbitrary and capricious. The LFB concluded that respondent James Wickman ("Wickman") did not violate N.J.S.A. 40A:9-22.5 when he voted, in his capacity as a member of the Board of Fire Commissioners, to settle a lawsuit against the Commissioners of Fire District No. 1 (the "District") in which he was a named defendant. Appellant did not file the underlying lawsuit. Rather, he is a complainant who brought Wickman's vote to the attention of the FTEB. Wickman and the LFB (collectively, the "respondents") both argue that appellant does not have standing to appeal the final agency decision to the Appellate Division. We agree with respondents, and accordingly dismiss the appeal for lack of standing.

On or about November 19, 2009, a District employee filed a lawsuit against the District alleging violations of the New Jersey Law Against Discrimination ("NJLAD" or "LAD"), N.J.S.A. 10:5-1 to -49. Wickman was named as a defendant in the lawsuit, among other commissioners. The sole allegation against Wickman was that he did not respond to an email from the plaintiff in which she informed him of her allegations.

The District had procured insurance for such claims and tendered the defense of the lawsuit to the insurance carrier. During the course of defending the litigation, counsel negotiated and recommended a settlement, which the District ultimately approved on June 27, 2011. Wickman voted in favor of settling the lawsuit. As a result of the settlement, the lawsuit was dismissed with prejudice against all defendants.

On August 24, 2011, appellant filed a complaint with the FTEB alleging that Wickman committed two violations of the local code of ethics and the Local Government Ethics Law, N.J.S.A. 40A:9-22.1 to -22.25 ("LGEL") by voting to approve the resolutions that settled the sexual harassment suit. The FTEB conducted a public hearing at which Wickman testified and documentary evidence was submitted. Thereafter, the FTEB adopted a resolution of violation, finding that Wickman violated sections (c) and (d) of the local ethics code, which mirrors the LGEL, and imposed a $250 fine.

Wickman appealed to the LFB. After reviewing the FTEB's factual record, the LFB reversed the FTEB's decision that Wickman violated N.J.S.A. 40A:9-22.5(c) and (d) by voting to settle the lawsuit filed against the District.

Appellant then appealed the LFB's decision.

A-3902-17T3

Following oral argument, the Appellate Division remanded the matter to the LFB for further proceedings because the LFB voted without a statutory quorum. In re Appeal of the Dec. of the Franklin Twp. Ethics Bd. (Somerset Cty.) in FTEB Complaint #11-01, Docket No. A-2561-15 (App. Div. Nov. 14, 2017).[1] The LFB reheard the matter at a regularly scheduled public meeting. After the hearing, the LFB found once again that Wickman did not violate the LGEL. Specifically, the LFB

> determined that [Wickman's] limited involvement in the underlying sexual harassment litigation did not rise to the level of direct or indirect financial or personal involvement that might reasonably be expected to impair his objectivity or independence of judgment, and further that [Wickman] did not use or attempt to use his official position to secure an unwarranted privilege or advantage for himself.

The instant appeal followed.

Initially, respondents contend that appellant does not have standing to bring this appeal. "[S]tanding to seek judicial review of an administrative agency's final action or decision is available to the direct parties to that administrative action as well as any one who is affected or aggrieved in fact by

---

[1] Because we voided the LFB's final decision due to a lack of quorum, we found it unnecessary to address the parties' remaining arguments. As the issue of standing was not addressed or resolved in the prior appeal, it is preserved for resolution in this appeal.

that decision." N.J. Election Law Enf't Comm'n v. DiVincenzo, 451 N.J. Super. 554, 563-64 (App. Div. 2017) (quoting Camden Cty. v. Bd. of Trs. of the Pub. Emps. Ret. Sys., 170 N.J. 439, 446 (2002)).  In order to have standing, a party must have "a sufficient stake and real adverseness with respect to the subject matter of the litigation," and "a substantial likelihood of some harm visited upon the plaintiff in the event of an unfavorable decision."  Triffin v. Somerset Valley Bank, 343 N.J. Super. 73, 81 (App. Div. 2001) (quoting In re Adoption of Baby T., 160 N.J. 332, 340 (1999)).

In New Jersey, standing has been broadly construed, and "our courts have considered the threshold for standing to be fairly low."  Ibid.  (quoting Reaves v. Egg Harbor Twp., 277 N.J. Super. 360, 366 (Ch. Div. 1994)).  Overall, "[the courts] have given due weight to the interests of individual justice, along with public interest, always bearing in mind that throughout our law we have been sweepingly rejecting procedural frustrations in favor of just and expeditious determinations on the ultimate merits."  Campus Assocs. L.L.C v. Zoning Bd. of Adjustment of Twp. Of Hillsborough, 413 N.J. Super. 527, 534 (App. Div. 2010)) (quoting Jen Elec., Inc. v. Cty. of Essex, 197 N.J. 627, 645 (2010)) (internal quotations omitted).

A-3902-17T3

The LFB has exclusive jurisdiction to "govern and guide the conduct of local government officials or employees. . . who are not otherwise regulated by a county or municipal code of ethics."  N.J.S.A. 40A:9-22.4.  The LFB also has exclusive jurisdiction over any appeal from a local ethics board determination. N.J.S.A. 40A:9-22.7(c).

Appellant's Status as Ethics Complainant

"[A] final decision of a county or municipal ethics board, established pursuant to the [LGEL], on a complaint may be appealed by the complainant or the local government employee or officer, who is the subject of the complaint, to the [LFB] within 30 days of the decision."  N.J.A.C.  5:35-1.4(a) (emphasis added).  Appellant argues that the express provision granting complainants a right to appeal a municipal decision to the LFB impliedly also confers upon him standing to appeal the final agency decision.

Rule 2:2-3(a)(2) provides, as a general rule, that "appeals may be taken to the Appellate Division as of right . . . to review final decisions or actions of any state administrative agency or officer, and to review the validity of any rule promulgated by such agency or officer[.]"  Ibid.  "A final decision of the [LFB] may be appealed in the same manner as any other final State agency decision." N.J.S.A. 40A:9-22.9.

A-3902-17T3

Appellant concedes that the rule is silent as to who has standing to appeal, however, case law is more illuminating on that subject. Those who are directly affected by an agency decision have standing to appeal, even if they were not parties in the underlying complaint. See Campus Assoc., 413 N.J. Super. at 534. In Campus Assocs., the plaintiff who filed a complaint challenging the denial of a contract purchaser's application for a zoning variance was the landowner, not the variance applicant. Id. at 530-31. The court held that the plaintiff had standing to challenge the denial because the plaintiff had "a sufficient stake in the matter and present[ed] genuine adverseness" that met New Jersey's low standing threshold because "[v]ariances run with the land." Id. at 534-35, 537-38 (quoting Stop & Shop Supermarket Co. v. Bd. of Adjustment of Springfield, 162 N.J. 418, 432 (2000)) (alteration in original).

By contrast, in Marques v. N.J. State Bd. of Med. Exam'rs, 264 N.J. Super. 416, 418 (App. Div. 1993), the Appellate Division held that a plaintiff did not have standing to appeal from a final decision of the Board of Medical Examiners. In Marques, the plaintiff appealed a decision by the Board of Medical Examiners that insufficient evidence and cause existed to bring disciplinary action with respect to the plaintiff's allegations against two doctors. Id. at 417-18. The plaintiff was the complainant who brought the matter to the

A-3902-17T3

Board of Medical Examiner's attention, but he was not a party to any proceeding before the Board. Ibid. The Appellate Division concluded:

> Appellant's right to bring his complaint to the attention of the Board is clear. . . . However, the right to bring a complaint to the attention of the Board does not carry with it a right to judicial review of the Board's response to that complaint. In fact, no such right exists. Appellant is neither a party to any proceeding before the Board nor an individual who has been affected adversely by its action (or non-action). One does not have a right of appeal unless a decision affects him adversely.
>
> [Id. at 418. (internal citations omitted).]

Here, as in Marques, appellant's right to bring his ethics complaint to the LFB is clear. See ibid.; N.J.A.C. 5:35-1.4(a). However, the LGEL states specifically that LFB decisions are appealable in the same way as other agency decisions. N.J.S.A. 40A:9-22.9. An appeal to our court from a final agency decision requires a showing a standing. See DiVincenzo, 451 N.J. Super. at 563-64. Thus, absent any showing of particularized harm, appellant has no right to judicial review of the LFB's decision. See Marques, 264 N.J. Super. at 418; Triffin, 343 N.J. Super. at 81. As appellant has not established any personal stake in the LFB's decision, we conclude that appellant lacks standing to bring the current appeal.

A-3902-17T3

Implied Right of Standing

A statute can also have an implied right of action conferring standing when a right of action is not expressly stated in the statute. See R. J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co., 168 N.J. 255, 258 (2001). Our Supreme Court has found that the following three factors should be considered in determining whether a statute confers an implied private right of action:

> (1) [whether] plaintiff is a member of the class for whose special benefit the statute was enacted; (2) [whether] there is any evidence that the Legislature intended to create a private right of action under the statute; and (3) [whether] it is consistent with the underlying purposes of the legislative scheme to infer the existence of such a remedy.
>
> [Id. at 272.]

Here, the LGEL does not give appellant an implied right of standing to appeal the final decision of LFB. Initially, the LGEL was enacted for the benefit of the public. See N.J.S.A. 40A:9-22.2(b). Appellant is a member of the public; and, thus, is "a member of the class for whose special benefit the statute was enacted." See R.J. Gaydos Ins. Agency, 168 N.J. at 272. However, there is no evidence that the Legislature intended to confer standing to members of the public who do not have a particularized interest in final decisions of the LFB.

A-3902-17T3

To hold otherwise would invite a floodgate of appeals from concerned citizens who do not have any stake in final agency decisions.

For the foregoing reasons, we dismiss the instant appeal for lack of standing. Appellant's remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3902-17T3