**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0631-19
    A-0823-19
    A-1216-19

GARDEN STATE BARIATRIC
& WELLNESS CENTER, LLC,

  Petitioner-Appellant,

v.

STATE OF NEW JERSEY,
DEPARTMENT OF BANKING
AND INSURANCE,

  Respondent-Respondent.

_____

NEW JERSEY SPINAL
MEDICINE AND SURGERY,
PA,

  Petitioner-Appellant,

v.

STATE OF NEW JERSEY,
DEPARTMENT OF BANKING
AND INSURANCE,

  Respondent-Respondent.

_____

ADVANCED GYNECOLOGY
AND LAPAROSCOPY, PC,

      Petitioner-Appellant,

v.

STATE OF NEW JERSEY,
DEPARTMENT OF BANKING
AND INSURANCE,

      Respondent-Respondent.

_____

> Argued November 29, 2021 – Decided July 22, 2022
>
> Before Judges Messano, Accurso, and Enright.
>
> On appeal from the New Jersey Department of
> Banking and Insurance.
>
> George P. Barbatsuly argued the cause for appellants
> (K&L Gates LLP, attorneys; Anthony P. La Rocco,
> George P. Barbatsuly, and Stacey A. Hyman, on the
> briefs).
>
> Eleanor Heck, Deputy Attorney General, argued the
> cause for respondent (Matthew J. Platkin, Acting
> Attorney General, attorney; Melissa H. Raksa,
> Assistant Attorney General, of counsel; Eleanor Heck
> and William B. Puskas, Jr., Deputy Attorneys General,
> on the brief).

PER CURIAM

In these consolidated cases, three out-of-network medical providers, Garden State Bariatric & Wellness Center, LLC, New Jersey Spinal Medicine and Surgery, P.A., and Advanced Gynecology and Laparoscopy, P.C., appeal letters issued by the Department of Banking and Insurance declining to take action against Horizon Blue Cross Blue Shield, which the providers allege has misapplied the recently enacted Out-of-Network Consumer Protection, Transparency, Cost Containment and Accountability Act, N.J.S.A. 26:2SS-1 to -20 (OON Act), forcing them into costly and protracted administrative actions to recover fees Horizon wrongfully refused to pay on presentation.

Although not unsympathetic to appellants' plight, we dismiss their appeals.[1] The Department's authority to investigate or seek penalties for any alleged violations of the OON Act is wholly discretionary. See N.J.S.A. 26:2SS-17(b). Thus, under long-settled law, appellants' right to bring their complaints to the attention of the Department, "does not carry with it a right to judicial review" of the Department's response to those complaints. See

---

[1] The Department made a motion in 2020 to dismiss the appeal on the grounds of finality and standing, which we denied without prejudice to allow those issues to be presented to the merits panel. Both sides have addressed appellants' standing to maintain this appeal at length in their merits briefs.

Marques v. N.J. State Bd. of Med. Exam'rs, 264 N.J. Super. 416, 418 (App. Div. 1993). "Indeed, no such right exists." Ibid.

The OON Act went into effect in August 2018 with the purpose of protecting New Jersey consumers from "certain surprise out-of-network charges . . . for hospital emergency room procedures or for charges by providers that the consumer had no choice in selecting." N.J.S.A. 26:2SS-2(b). The Act prohibits health care providers from billing a person covered under a New Jersey "health benefits plan" for "inadvertent out-of-network services" "in excess of any deductible, copayment, or coinsurance amount," N.J.S.A. 26:2SS-8(a)(1), and likewise obligates carriers to ensure "the covered person incurs no greater out-of-pocket costs than the covered person would have incurred with an in-network health care provider for covered services," N.J.S.A. 26:2SS-9(a). "Inadvertent out-of-network services" are defined as health care services "covered under a managed care health benefits plan that provides a network" that are "provided by an out-of-network health care provider" when "a covered person utilizes an in-network health care facility for covered health care services and, for any reason, in-network health care services are unavailable in that facility." N.J.S.A. 26:2SS-3 (emphasis added).

Appellants, all out-of-network medical facilities,[2] complained to the Department that following enactment of the OON Act, Horizon had re-programed its systems to automatically process appellants' reimbursement claims for elective services provided at appellants' out-of-network facilities — claims they contend are not subject to the OON Act — as if they were prohibited inadvertent services performed at in-network facilities. Each of appellants presented proof of admitted underpayments by Horizon, ranging from tens of thousands to hundreds of thousands of dollars, with Garden State Bariatric further presenting correspondence from Horizon admitting that codes for primary and co-surgeons performing certain elective procedures at appellants' out-of-network facilities should have been omitted from Horizon's "Out-Of-Network mandate process." In the letters, Horizon represented it had "submitted a technical request to remove these types of claims from the mandate process," and promised that bills "not inadvertent or emergent" that "happen to be included in this OON process," will be adjusted and paid at the out-of-network level or the level previously authorized.

---

[2] Garden State Bariatric provides "elective bariatric surgery to qualifying patients," including those insured by Horizon. New Jersey Spinal Medicine offers "elective, medically necessary complex spinal surgery." Advanced Gynecology performs "elective, medically necessary general gynecology and minimally invasive surgical treatment."

A-0631-19

Although the Department investigated the claims and Horizon reprocessed many of them, the Department closed the matters without taking any further action against Horizon. Appellants contend the problem persists with Horizon continuing to automatically apply the OON Act to appellants' claims for scheduled elective treatment at out-of-network facilities, to plans not covered by the Act, N.J.S.A. 26:2SS-3 and 9(d), and demanding appellants present proof that patients who scheduled elective, medically-necessary and often pre-authorized surgery at appellants' out-of-network facilities with out-of-network providers were aware any assistant surgeon was also an out-of-network provider before reprocessing the claims — ostensibly because patients having surgery at in-network facilities with in-network surgeons can be surprised when assistant surgeons provided by the facility are out-of-network.[3]

---

[3] Although the Act provides the Department the authority to adopt regulations to implement the Act, N.J.S.A 26:2SS-18, the Department has yet to do so. It has, however, issued an administrative bulletin, Department of Banking and Insurance Bulletin No. 18-14, Nov. 20, 2018, https://www.state.nj.us/dobi/bulletins/blt18_14.pdf, stating "[t]he Act prohibits providers from billing covered persons for inadvertent and/or involuntary out-of-network services for any amount above the amount resulting from the application of network level cost-sharing to the allowed charge/amount. See N.J.S.A. 26:2SS-7 to -9" (emphasis added). The bulletin defines "involuntary" as out-of-network services rendered on an emergency or urgent basis. The Act requires health care providers and facilities to make disclosures to covered persons of their network status and charges, N.J.S.A. 26:2SS-4 to -5, but carriers appear

Appellants claim the Department erred in accepting Horizon's

reprocessing of certain claims without holding Horizon to account for its

systematic improper application of the OON Act and its intentional

misapplication of the Act's negotiation and arbitration process. They contend

"in closing the files on [their] complaints with no action, [the Department]

disregarded the express and implied legislative policies" underlying the Act

and its "general authority to investigate an insurer's unfair claims settlement

_____

responsible only to ensure "that the covered person incurs no greater out-of-
pocket costs than the covered person would have incurred with an in-network
health care provider for covered services" in those instances when "a covered
person receives <u>inadvertent out-of-network services</u>, or services at an in-
network or out-of-network health care facility on an emergency or urgent
basis," N.J.S.A. 26:2SS-9 (emphasis added).

The parties appear to dispute the carrier's obligation to police the
disclosures the Act requires of providers and facilities, with appellants
claiming Horizon's alleged concern about "inadvertent" or "surprise" charges
for out-of-network assistant surgeons provided by in-network facilities is
irrelevant to the all out-of-network, scheduled services provided by appellants,
and the Department appearing to suggest, without any citation to the Act, that
Horizon could refuse reimbursement if appellants failed to establish to
Horizon's satisfaction that the covered person made a knowing choice to use
the out-of-network provider. In other words, that Horizon could enforce the
obligation of health care facilities and providers to make the disclosures to
covered persons required by the Act instead of leaving enforcement to the
Department through the imposition of penalties. The parties agree the Act's
arbitration provisions "do not apply to a covered person who knowingly,
voluntarily, and specifically selected an out-of-network provider for health
care services." N.J.S.A. 26:2SS-10(e) and -11(d).

7

practices." They argue we should reverse the Department's decisions and remand their complaints to the Commissioner with direction to "fully investigate" appellants' claims. The Department argues the providers "lack standing to compel [it] to take any action regarding their complaints because the Commissioner's authority to take such action is purely discretionary."

We agree with the Department that appellants lack standing to compel the Department to take any specific action on their complaints under the Act. Although our courts take "a liberal approach to standing to seek review of administrative actions," In re Camden County, 170 N.J. 439, 448 (2002), and appellants' have been clear they will suffer financially if Horizon applies the OON Act to claims not covered by the statute, it is not the duty of the Commissioner or her Department to adjudicate appellants' dispute with Horizon over reimbursable claims. See In re Lazarus, 81 N.J. Super. 132, 136-37 (App. Div. 1963).

The Legislature has determined that persons or entities violating the Act "shall be liable to a penalty" collected by the Commissioner in a summary proceeding pursuant to the Penalty Enforcement Law, N.J.S.A. 2A:58-10. N.J.S.A. 26:2SS-17(a). The statute provides that upon finding a carrier, such as Horizon, "has failed to comply with the requirements" of the Act, "the

commissioner may . . . initiate such action as the commissioner determines appropriate." N.J.S.A. 26:2SS-17(b)(1). Obviously, the Commissioner's authority to investigate or bring an enforcement action against a carrier under the OON Act is purely discretionary. See N.J.S.A. 26:2SS-17(b).

As we noted in Lazarus, "the function of the complainant in matters such as these" is to bring to the attention of the agency, acts on the part of regulated entities that may indicate an entity's "continuing activities may harm the public interest." 81 N.J. Super. at 137. It is then for the agency, not the complainant, to "act[] as a guardian of the public interest." Ibid.

Appellants' complaints about Horizon's alleged improper implementation of the OON Act brought the matter to the attention of the Department, which subsequently exercised its statutorily accorded discretion by reviewing appellants' claims and corresponding with Horizon about them. That the Department declined to take action against Horizon or investigate the complaints further is not a decision appealable to this court. See Lazarus, 81 N.J. Super. at 137-38. We cannot compel the Commissioner to exercise her discretion in a specific manner. See Twp. of Neptune v. N.J. Dept. of Env'tl Prot., 425 N.J. Super. 422, 434 (App. Div. 2012).

Appeal dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9

A-0631-19